IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

    Plaintiff,                  No. 2:10-cv-2522 KJN P

    vs.

RICK M. HILL, WARDEN, et al.,

    Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

2

1  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
3  as true the allegations of the complaint in question, id., and construe the pleading in the light
4  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
5  　　　　Plaintiff has filed a 46 page complaint against six defendants.  The gravamen of
6  plaintiff's complaint is that certain defendants denied his access to the courts, in violation of the
7  First Amendment, based on a prison lockdown, and his resulting inability to file a petition for
8  writ of certiorari in the United States Supreme Court.
9  　　　　Plaintiff's first claim for relief seeks his immediate release from prison, without
10 the constraints of parole or the order of restitution included in the criminal judgment against him.
11 When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier
12 release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v.
13 Rodriguez, 411 U.S. 475, 500 (1973).  As a result, civil rights complaints seeking immediate or
14 speedier release are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 481 (1994).  In
15 Heck v. Humphrey, the Court re-emphasized that a prisoner in state custody cannot use a civil
16 rights action to challenge the fact or duration of his confinement.  Id. at 481.
17 　　　　Because plaintiff cannot seek immediate release from prison through a civil rights
18 action, his claim for immediate release must be dismissed, and should not be included in any
19 amended complaint.[1]

---

[1] In his complaint, plaintiff also refers to his "disproportionate illegal conviction and sentence of 150 years to life," and claims his habeas corpus relief is now unexhausted forever. (Id. at 41.)  However, a petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  Therefore, plaintiff is only required to present his claims to the California Supreme Court to exhaust his state court remedies prior to filing his petition for writ of habeas corpus in federal court.  Plaintiff is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the

Plaintiff also seeks civil rights liability against defendants Hill, Pimental and Foster based, at least in part, on their role in denying his administrative grievances. Prison inmates have no constitutional right to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, plaintiff cannot state a cognizable civil rights claim against defendants Hill, Pimental and Foster based solely on their roles in denying a prison grievance. To state a cognizable civil rights claim, plaintiff must connect the named defendants clearly with the claimed denial of his rights. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability liability under section 1983."); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Also, vicarious liability does not exist under § 1983. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted). A supervisory official may be liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

---

expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 allege with at least some degree of particularity overt acts which defendants engaged in that
2 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
3 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
4 an amended complaint.

5          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
7 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
8 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983
9 unless there is some affirmative link or connection between a defendant's actions and the
10 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
11 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
12 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
13 268 (9th Cir. 1982).

14          The court will direct the Clerk of Court to provide plaintiff with the form
15 necessary to file a civil rights action.  Plaintiff is advised that he need not provide details
16 concerning exhaustion of administrative remedies.  The form complaint has a section addressing
17 exhaustion and plaintiff need only complete that section.  Plaintiff has also provided 67 pages of
18 exhibits. (Dkt. No. 1 at 47-114.)  Plaintiff need not reproduce these exhibits with his amended
19 complaint, but may simply request the Clerk of Court to attach the exhibits to any amended
20 complaint.

21          Finally, plaintiff is hereby informed that the court cannot refer to a prior pleading
22 in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an
23 amended complaint be complete in itself without reference to any prior pleading.  This
24 requirement exists because, as a general rule, an amended complaint supersedes the original
25 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
26 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff the forms necessary to file a prisoner civil rights complaint.

DATED: October 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2522.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

    Plaintiff,   No. 2:10-cv-2522 KJN P

    vs.

RICK M. HILL, WARDEN, et al.,   <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                                                          Plaintiff