IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,                      No. 2:10-cv-2522 KJN P

       vs.

R. JANZEN, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. On January 3, 2012, plaintiff filed a motion to compel discovery. (Dkt. No. 28.) However, by scheduling order issued July 8, 2011, the court ordered that any motion necessary to compel discovery shall be filed by October 21, 2011. (Dkt. No. 19.) Plaintiff's motion is untimely, and is denied.

        Plaintiff also appears to challenge the court reporter's failure to provide plaintiff with a condensed version of the certified original transcript of plaintiff's deposition. However, Rule 30(f)(3) of the Federal Rules of Civil Procedure provides that: "When paid reasonable charges, the officer [court reporter] must furnish a copy of the transcript or recording to any party or the deponent." Id. It appears plaintiff was under the misconception that because he is proceeding in forma pauperis, he would be provided a deposition transcript without charge. Plaintiff is mistaken.

1

1    Nothing in the Federal Rules entitles plaintiff to a free copy of his deposition
2 transcript.  If plaintiff wishes to obtain a copy for his own records, he must pay for it, pursuant to
3 Rule 30(f)(3) of the Federal Rules of Civil Procedure.  The officer before whom the deposition
4 was conducted must furnish a copy of the deposition to plaintiff upon payment of reasonable
5 charges.  Fed. R. Civ. P. 30(f)(3).  Moreover, there is no provision under the Federal Rules or the
6 Local Rules for free copies of deposition transcripts.  Finally, the expenditure of public funds on
7 behalf of an indigent litigant is proper only when authorized by Congress, and the in forma
8 pauperis statute does not authorize the expenditure of public funds for the purpose sought by
9 plaintiff in the instant motion.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations
10 omitted).  Therefore, plaintiff's request for a copy of his deposition transcript at government
11 expense is denied.

12    In addition, it appears plaintiff claims he was not provided an opportunity to
13 review and correct the transcript because defendants refused to provide plaintiff with a copy of
14 the transcript.  However, the October 27, 2011 letter from the court reporter informed plaintiff
15 that he needed to contact the court reporter to schedule an appointment to review the transcript.
16 (Dkt. No. 28 at 21.)  Although plaintiff claims he called the court reporter, it appears he asked
17 them for a copy of the transcript rather than to arrange to review and correct the deposition
18 transcript.  The court reporter instructed plaintiff to contact defense counsel to obtain a
19 condensed version of the transcript, which plaintiff did, but plaintiff claims defense counsel is
20 "non-responsive" to plaintiff's efforts to obtain a copy of the deposition transcript.  (Dkt. No. 28
21 at 4-5.)

22    Rule 30(e) of the Federal Rules of Civil Procedure provides, in pertinent part:
23    (1)  Review; Statement of Changes.  On request by the deponent or
a party before the deposition is completed, the deponent must be
24    allowed 30 days after being notified by the officer that the
transcript or recording is available in which:
25
    (A) to review the transcript or recording; and
26

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

Plaintiff does not allege that he informed the court reporter before the deposition was completed that he wished to review the transcript. On October 27, 2011, the court reporter notified plaintiff that the transcript was available, and advised plaintiff of the ways in which he could review and make changes to the transcript. (Dkt. No. 28 at 21.) On November 7, 2011, plaintiff completed an "Inmate Request for Interview" form in which he asked prison officials to "mail out this letter requesting a condensed version of the certified original transcript of the 10-12-11 deposition" which was brought to plaintiff's attention by the court reporters concerning the "30 days to change or correct." (Dkt. No. 28 at 23.) The mail was addressed to the Department of Justice, Office of the Attorney General, rather than to the court reporter. On December 9, 2011, the court reporter sent the original deposition transcript to counsel for defendants noting plaintiff "failed to respond to [the] letter dated October 27, 2011." (Dkt. No. 28 at 25.) On January 13, 2012, defendant Janzen filed a motion for summary judgment, and provided those portions of plaintiff's deposition transcript upon which defendant Janzen relied in the motion. (Dkt. No. 29-5 at 2-5.) The certificate of service reflects plaintiff was served with a copy of defendant's motion and attachments. (Dkt. No. 29-7.)

Thus, plaintiff failed to make arrangements to review the transcript within the thirty days provided by the reporter. In addition, the court will not order defense counsel or the defendants to provide plaintiff with a copy of his deposition transcript. Plaintiff must obtain it from the officer before whom the deposition was taken. See Hallford v. California Dept. of Corrections, 2010 WL 921166 (E.D. Cal. 2010) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript).

For all of the above reasons, plaintiff's request for a copy of the deposition transcript, without charge, is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 3, 2012 motion to compel discovery (dkt. no. 28) is denied; and

2. Plaintiff's request for a copy of the deposition transcript, without charge, is denied.

DATED: February 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2522.dsc