IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,                    No. 2:10-cv-2522 WBS KJN P

    vs.

R. JANZEN,                              ORDER AND

        Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding without counsel. On January 13, 2012, defendant Janzen filed a motion for summary judgment. Plaintiff filed an opposition on February 8, 2012, and defendant filed a reply on February 15, 2012. On February 8, 2012, plaintiff filed a motion to supplement the amended complaint. Defendant did not oppose or address the motion to supplement. As set forth below, this court recommends that defendant Janzen's motion for summary judgment be granted, and plaintiff's motion to amend be denied without prejudice to its renewal if accompanied by a proposed second amended complaint.

II. <u>Plaintiff's Amended Complaint</u>

        After filing a 46-page original complaint against six defendants, on November 29, 2010, plaintiff filed a verified amended complaint naming R. Janzen as a defendant, and alleging:

1

> On 10-8-09, at F.S.P. Inmate Assignment Office, Lt. R. Janzen refused to place [plaintiff] on the Priority Ducat List (Instnl.) [sic] at 7:30 AM for escort release to law library the day after riot/race based lockdown; preventing him from obtaining copies to timely file writ of certiorari, in the last remaining 8 days before his U.S. Supreme Court deadline, denying his First Amendment access to the Courts. (Extension of time and Writ was denied as "Out of time," and no other [forum] or court available for habeas relief.

(Dkt. No. 10 at 3.)

III.   Motion for Summary Judgment

      A.   Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56(c) is met. "The judgment sought should be rendered if . . . there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id., citing Fed. R. Civ. P. 56(c). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary

2

judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.

1  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
2  produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
3  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
4  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
5  show that there is some metaphysical doubt as to the material facts . . . Where the record taken
6  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
7  'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).
8           By order filed January 4, 2011, the court advised plaintiff of the requirements for
9  opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt.
10 No. 13); see Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v.
11 Eikenberry, 849 F.2d 409 (9th Cir. 1988).
12          B.  The Parties' Arguments
13          Defendant Janzen contends that he was not responsible for plaintiff's inability to
14 attend the library on October 8, 2009.  Although plaintiff was included on a request list to go to
15 the prison library on October 8, 2009, the modified program status issued by the warden after a
16 race riot occurred precluded plaintiff from attending the law library that day.  Defendant argues
17 that he had no control over which inmates were allowed access to the library on October 8, 2009,
18 and he was required to follow the warden's orders.  Defendant Janzen also argues that because
19 plaintiff had access to the library on October 14, 2009, prior to the filing deadline, plaintiff's
20 claim that he missed a court deadline due to being denied access to the library on October 8,
21 2009, eight days before the deadline ran, is defeated.
22          In addition, defendant argues that plaintiff's claim is barred by Heck v.
23 Humphrey, 512 U.S. 477, 485-87 (1994).  Defendant contends that plaintiff's lost opportunity to
24 attack his sentence and conviction, either by direct appeal or habeas petition, has no value unless
25 his conviction or sentence was, in fact, unlawful; thus any judgment awarding plaintiff damages
26 for this claim would necessarily imply that plaintiff's underlying conviction or sentence is

4

invalid. Finally, defendant contends that he is entitled to qualified immunity.

Plaintiff's unverified opposition appears to rest on procedural, rather than substantive, grounds. Plaintiff argues that defendant's motion for summary judgment is premature, that discovery is not completed, and that defendant raised a new defense which introduced issues not raised in the pleadings. Plaintiff reiterates his disagreement with the court's prior order denying plaintiff's motion to compel discovery as untimely, and denying his request to be provided a free copy of his deposition transcript.

In reply, defendant argues that plaintiff failed to present admissible evidence demonstrating that a genuine issue of material fact precludes entry of summary judgment. In plaintiff's verified complaint, plaintiff states that defendant Janzen refused to place plaintiff on the priority ducat list the day after the prison was placed on lockdown. (Dkt. No. 10 at 3.) However, defendant points out that plaintiff submitted no evidence in support of this statement. Plaintiff also failed to submit evidence to rebut the admissible evidence presented by defendant that demonstrates (a) plaintiff was unable to attend the library on October 8, 2009, because the warden placed the prison on a modified program that allowed no black inmates to enter the library on October 8, 2009, and (b) defendant Janzen's only role was to review and sign off on priority library pass requests from the librarian, and he had no control over which inmates were allowed access to the library on October 8, 2009. (Dkt. No. 36 at 3.) Therefore, defendant argues, there is no evidence that defendant Janzen denied plaintiff access to the court. (Id.)

C. Plaintiff's Procedural Arguments

Initially, the court addresses plaintiff's procedural arguments. Plaintiff alleges defendant claims a new defense, but fails to identify what defense plaintiff alleges is new. (Dkt. No. 34 at 1.) Moreover, review of defendant Janzen's answer reflects that defendant Janzen denied that he (a) prevented plaintiff from obtaining copies to timely file a writ of certiorari before the United States Supreme Court, and (b) denied plaintiff access to the courts. (Dkt. No. 18 at 1.) Therefore, defendant's motion for summary judgment is consistent with defendant's

5

answer.

Plaintiff also appears to be under the misapprehension that there was an initial discovery period and a summary judgment discovery period. (Dkt. No. 32 at 2.) The court's July 8, 2011 scheduling order states that the parties may conduct discovery until October 21, 2011, and that any motions to compel discovery "shall be filed by that date." (Dkt. No. 19 at 5.) The motion to compel discovery referred to by plaintiff was presented to prison authorities for mailing[1] on December 29, 2011 (dkt. no. 28), after the discovery deadline expired.

Similarly, the scheduling order required the parties to file pretrial motions, which includes motions for summary judgment, by January 13, 2012. (Dkt. No. 19 at 6.) Defendant's motion for summary judgment was filed on January 13, 2012, and therefore was not prematurely-filed.

Plaintiff claims newly-discovered evidence was "submitted by defendant's discovery." (Dkt. No. 32 at 2.) However, other than plaintiff's objection that defendant submitted "piecemeal portions" of plaintiff's deposition transcript with the instant motion, plaintiff does not specifically identify what documents defendant relied on in the instant motion that were allegedly refused to plaintiff in response to his request for production of documents.

First, defendant was required to provide plaintiff with only those portions of the deposition transcript on which defendant relied in bringing the instant motion. Second, plaintiff's failure to specifically identify the documents he claims are "newly-discovered" makes it difficult to evaluate plaintiff's claim. It appears that on October 20, 2011, defendant provided plaintiff seven documents in response to plaintiff's request for production of documents. (Dkt. No. 28 at 11-15.) The documents provided by defendant in support of the instant motion do not bear the same Bates numbers as those provided in response to plaintiff's request for production of documents. Thus, the court cannot ascertain what documents plaintiff claims he was refused

---

[1] See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

in the discovery process. Third, to the extent plaintiff seeks to delay the court's consideration of the instant motion to allow plaintiff to obtain more discovery, plaintiff has not complied with Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) requires plaintiff to file an affidavit or declaration setting forth the specific reasons plaintiff claims he could not present facts necessary to justify his opposition. Id. Here, plaintiff did not file an affidavit or declaration, and did not provide specific reasons why he could not substantively oppose defendant Janzen's motion. Moreover, such a declaration would have needed to set forth what discovery plaintiff would need to complete, why he did not complete it in a timely manner, and how such discovery would preclude defendant being granted summary judgment. Finally, plaintiff identified no fact or evidence to rebut defendant Janzen's evidence submitted in support of the instant motion. Accordingly, as set forth more fully below, the court will consider the facts undisputed for purposes of the instant motion. Fed. R. Civ. P. 56(e)(2).

        D.  Undisputed Facts

For purposes of summary judgment, the court finds that the following facts are either not disputed, or, following the court's review of the evidence submitted, are deemed undisputed:

      1. At all times relevant to this action, plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation at Folsom State Prison.

      2. At all times relevant to this action, defendant Janzen was the Inmate Assignments Lieutenant at Folsom State Prison.

      3. On March 27, 2009, a three judge panel of the Ninth Circuit Court of Appeals found that the state court's rejection of plaintiff's habeas claims was not objectively unreasonable, and denied plaintiff's motion to broaden the certificate of appealability. Johnson v. Runnels, No. 06-16295 (9th Cir. March 27, 2009).

      4. On July 17, 2009, the Ninth Circuit Court of Appeals denied plaintiff's petition for panel rehearing and petition for rehearing en banc. Id., Dkt. No. 35. The mandate issued on

July 27, 2009. Id., Dkt. No. 37.

5. A petition for writ of certiorari is timely when it is filed within 90 days after entry of judgment and "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Rule 13.3, Rules of the United States Supreme Court. Therefore, plaintiff's petition for writ of certiorari was due in the Supreme Court on or before October 15, 2009.

6. In order for an inmate at Folsom State Prison to receive a priority library user ("PLU") from the inmate assignments office, the inmate was responsible to coordinate with the librarian, who generates an inmate pass request list of inmates who were priority library users and submits it to the inmate assignments office for processing. (Dkt. No. 29-3 at 3.)

7. The inmate assignments office staff completes the list and makes the passes. (Dkt. No. 29-3 at 3.)

8. Defendant Janzen reviews and signs off on the passes to ensure that the passes are assigned to the appropriate inmates on the list. (Dkt. No. 29-3 at 3.)

9. On October 6, 2009, an inmate pass request list for priority library users, which included plaintiff, was submitted to the inmate assignment office to be executed on October 8, 2009. (Dkt. No. 29-3 at 3; 29-2 at 11.)

10. On the morning of October 7, 2009, a riot occurred involving approximately eighty inmates, which resulted in the prison being placed on a modified program status by the warden. (Dkt. No. 29-4 at 4; 29-3 at 3.)

11. On October 8, 2009, plaintiff had PLU status. (Dkt. No. 29-2 at 11.)

12. Under the direction of the warden, the Custody Captain issued a program status report directing that no black inmates were allowed in the library on October 8, 2009. (Dkt. No. 29-4 at 4; 29-3 at 3.)

13. Because of the warden's orders, none of the black inmates from the October 6, 2009 pass request list, including plaintiff, were allowed to attend the library on October 8,

2009. (Dkt. No. 29-4 at 4; 29-3 at 3.)

14. If the inmates who were denied access to the law library on October 8, 2009, wanted to go back to the library on another day, the inmate was responsible for contacting the librarian and requesting to be placed on the list. (Dkt. No. 29-3 at 3.)

15. Defendant Janzen had no control over which inmates were allowed access to the library on October 8, 2009, and he followed the orders given to him from the warden's office. (Dkt. No. 29-3 at 3.)

16. Had defendant Janzen disobeyed the program status report, he would have been disciplined, up to termination, for insubordination and for endangering the safety of inmates and staff. (Dkt. No. 29-3 at 3.)

17. Defendant Janzen did not control the dates and times that inmates were allowed to access the library, and he did not control which inmates were provided PLU status to use the library. (Dkt. No. 29-3 at 4.)

18. The Program Status Report issued by Warden M.S. Evans on October 8, 2009, reflects that on October 9, 12, and 14, 2009, black programming, including law library, was scheduled. (Dkt. No. 29-4 at 8.)

19. On October 14, 2009, plaintiff was escorted to the library after he sent a request for copying and paging services to the library. (Dkt. No. 29-2 at 8.)

20. On October 15, 2009, plaintiff filed an application for an extension of time to file his petition for writ of certiorari. (Dkt. No. 29-6 at 2.)

21. On October 30, 2009, Justice Kennedy denied plaintiff's application for an extension of time to file the petition for writ of certiorari. (Dkt. No. 29-6 at 2.)

E. Legal Standards

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the

> Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense, but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007)[2] (citing Christopher, 536 U.S. at 413-

---

[2] In Phillips, 477 F.3d 1070, the court found that the prison librarian prevented Phillips from timely filing his petition for certiorari in the United State Supreme Court by refusing to allow him to use the prison's binding machine, although Phillips had been allowed to use it in the past. After the plaintiff finally obtained access to the binding machine, he filed his petition,

414), overruled on other grounds Hust v. Phillips, 129 S. Ct. 1036 (2009)[3]).  In addition, plaintiff must establish causation by linking the injury complained of to the actions or omissions of the named defendants.  Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009)[4] (citing Lewis, 518 U.S. at 351).

### F.  Application

In plaintiff's verified amended complaint, plaintiff alleges that on October 8, 2009, the day after a race riot, defendant Janzen refused to place plaintiff on the priority ducat list for escort release to the law library, which allegedly prevented plaintiff from obtaining photocopies to timely file a writ of certiorari in the last remaining eight days before the United States Supreme Court deadline.  (Dkt. No. 10 at 3.)

It is undisputed that plaintiff's name was placed on the October 6, 2009 Priority Inmate Pass Request for a pass to the library on October 8, 2009.  (Dkt. No. 29-2 at 11.)  However, defendant Janzen presented evidence that he could not ducat plaintiff out to the library on October 8, 2009, because under the direction of the warden, the program status report directed that no black inmates, including plaintiff, were allowed in the library on October 8, 2009.  (Dkt. No. 29-4 at 4; 29-3 at 3.)  Thus, defendant Janzen was not responsible for plaintiff's inability to

---

which the Supreme Court rejected as untimely.  The Ninth Circuit held that the prison librarian's actions constituted actual injury that had caused "actual prejudice with respect to contemplated or existing litigation."  Id. 477 F.3d at 1076.  The court found that Phillips did not have to prove that he would have been successful on the merits to prove actual injury.  Thus, in Hust, there was a clear cause-and-effect between the defendant's actions and the loss of opportunity -- had the prison librarian not prevented the plaintiff from using the binding machine, Phillips would have filed his petition on time and the Supreme Court would not have rejected it as untimely.

[3] In Hust, the Supreme Court remanded the case to the Ninth Circuit Court of Appeals for further consideration in light of Pearson v. Callahan, 555 U.S. 223, 236 (2009), a recent Supreme Court case allowing lower courts to exercise discretion in applying the two prongs of the qualified immunity analysis.  Id.

[4] On remand, the Ninth Circuit found that in light of the Supreme Court's flexible rules for pro se filings which do not require comb-binding, the librarian's view that comb-binding was not required was reasonable and therefore the librarian was entitled to qualified immunity.  Id., 588 F.3d at 658.

attend library on October 8, 2009.  Plaintiff has presented no evidence to the contrary.  Moreover, defendant Janzen presented evidence that he did not control the dates and times that inmates were allowed to access the library, and he did not control which inmates were provided PLU status to use the library.  (Dkt. No. 29-3 at 4.)  Plaintiff also failed to rebut this evidence.  Thus, defendant Janzen was not connected to any alleged inability of plaintiff to attend the library from October 8 to October 13, 2009.  It is undisputed that plaintiff attended the library on October 14, 2009.  Accordingly, plaintiff failed to demonstrate that defendant Janzen caused plaintiff's failure to timely file the petition for writ of certiorari in the United States Supreme Court because plaintiff could not attend the library on October 8, 2009.  Therefore, defendant Janzen is entitled to summary judgment.  Phillips v. Hust, 588 F.3d at 655; Lewis, 518 U.S. at 351.  In light of this finding, the court need not reach defendant's alternative arguments.

        G.  Qualified Immunity

Defendant Janzen also contends that he is entitled to qualified immunity.  However, in light of the above recommendation, the court need not address this alternative argument.

IV.  Plaintiff's Motion to Supplement the Amended Complaint

While not entirely clear, it appears plaintiff seeks leave to name Warden M.S. Evans as a defendant (dkt. no. 33 at 2), because defendant Janzen's exhibits to the motion for summary judgment reflect that Warden Evans issued the modified program for October 8, 2009, prohibiting black inmates, even with PLU status, to attend the library with an escort (dkt. no. 29-4 at 4.)

Plaintiff did not provide a proposed second amended complaint.  As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C. § 1915.  Because plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it.

Moreover, because a pretrial scheduling order was filed on July 8, 2011,

resolution of a motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff failed to address the issue of good cause or his diligence in failing to earlier seek leave to amend. Thus, plaintiff's motion to amend should be denied without prejudice to its timely renewal, accompanied by a proposed second amended complaint.

Finally, plaintiff is cautioned that if he renews his motion to amend to name the warden as a defendant, he must submit a proposed second amended complaint that complies with the requirements set forth in this court's October 28, 2010 order. (Dkt. No. 7.) Plaintiff must also allege causation by linking the injury complained of to the actions or omissions of the warden. Phillips v. Hust, 588 F.3d at 655.

V. Motion for Pretrial Conference

On February 9, 2012, plaintiff filed a motion for pretrial conference. (Dkt. No. 34.) Plaintiff seeks a court hearing based in large part on the procedural objections discussed above. In light of the findings and recommendations, the court finds that a pretrial conference is not appropriate at this time. Accordingly, plaintiff's motion is denied without prejudice.

VI. Conclusion

In light of the above, IT IS HEREBY ORDERED that plaintiff's February 9, 2012 motion for pretrial conference (dkt. no. 34) is denied without prejudice; and

IT IS HEREBY RECOMMENDED that:

1. Defendant Janzen's January 13, 2012 motion for summary judgment (dkt. no. 29) be granted; and

2. Plaintiff's February 8, 2012 motion to amend be denied without prejudice. If plaintiff elects to renew his motion to amend, accompanied by a proposed second amended

complaint, he must do so within thirty days from any order by the district court adopting these findings and recommendations. Failure to timely file a motion to amend and to submit a proposed second amended complaint will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2522.msj+