IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

        Plaintiff,                No. 2:10-cv-2522 WBS KJN P

    vs.

R. JANZEN,

        Defendant.            ORDER

                                  /

        Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel. On June 29, 2012, defendant Janzen's motion for summary judgment was granted. (Dkt. No. 40.)

        Recently the Ninth Circuit issued an order requiring that all prisoners proceeding pro se must be provided contemporaneous notice of certain requirements for opposing a motion for summary judgment. Woods v. Carey, __F.3d __, 2012 WL 2626912,*1, *5 (9th Cir. July 6, 2012 ), citing Rand v. Rowland, 154 F.3d 952, (9th Cir. 1998) (en banc); see also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In Woods v. Carey, the Ninth Circuit rejected this district's practice of providing Rand and Wyatt notices at the time the court issues the order directing service on defendants. The court held that "[t]he failure to provide adequate Rand notice is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail." Woods v. Carey, at *6.

In the instant action, the court provided the Rand and Wyatt notices on January 4, 2011, at the time it ordered service on defendants (dkt. no. 13), but did not provide the requisite notice at the time defendant filed the motion,[1] and the court ruled in favor of defendant. (Dkt. No. 40.)

To comply with Woods v. Carey, the court wishes to give plaintiff, if he so chooses, the opportunity to re-open the motion for summary judgment, and present evidence, declarations, or affidavits that were not presented in opposition to the motion. If plaintiff so requests, the court will set aside its order and the magistrate judge's findings and recommendations on the motion for summary judgment, and allow plaintiff an additional thirty days in which to file a new opposition.

In accordance with Woods v. Carey, plaintiff is provided the following Rand notice:

Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

---

[1] The notice provided in defendants' notice of motion for summary judgment cited Rand and Klingele, and directed plaintiff's attention to the court's January 4, 2011 order. (Dkt. No. 29.)

Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted on any of plaintiff's claims, judgment will be entered for the defendants without a trial on those claims.

In deciding whether to re-open the motion for summary judgment, plaintiff should consider the Rand notice, and decide whether he seeks to re-open the motion.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall complete, sign and file the attached notice of election form indicating whether he wishes to re-open the motion for summary judgment.  Failure to timely respond to this order shall be deemed plaintiff's waiver to the defects in the timing of the notice of the motion for summary judgment, and this action will proceed according to the June 29, 2012 order.

DATED: August 10, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

    Plaintiff,　　　　　　　　No. 2:10-cv-2522 WBS KJN P

  vs.

R. JANZEN,

    Defendant.　　　　　　　　NOTICE OF ELECTION

                              /

    Plaintiff hereby responds to the court's order concerning Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir. July 6, 2012 ), as follows:

    ____ Plaintiff wants to reopen the January 13, 2012 motion for summary judgment.

    OR

    ____ Plaintiff waives the Woods v. Carey notice required for the January 13, 2012 motion for summary judgment, and this action will proceed pursuant to the June 29, 2012 order.

DATED:

                        _____

                        Plaintiff