1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    VANCE EDWARD JOHNSON,

11                Plaintiff,                    No. 2:10-cv-2522 WBS KJN P

12        vs.

13    R. JANZEN,

14                Defendant.              <u>ORDER</u>

15    _____/

16            Plaintiff is a state prisoner proceeding without counsel.  On September 11 2012,

17    plaintiff advised the court that he wished to reopen the January 13, 2012 motion for summary

18    judgment in light of <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012).

19            In light of <u>Woods</u>, the May 9, 2012 findings and recommendations and the June

20    29, 2012 order are vacated.  Defendant's January 13, 2012 motion for summary judgment is

21    denied without prejudice to renewal.  Defendant shall re-file his motion for summary judgment

22    within thirty days from the date of this order.  Defendant must contemporaneously serve with the

23    motion, but in a separate document, a copy of the attached notice.  <u>See</u> <u>Woods</u>, 684 F.3d at 935;

24    <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).  Briefing on the motion is governed by

25    Local Rule 230(l).

26            Accordingly, IT IS HEREBY ORDERED that:

1

1.  The May 9, 2012 findings and recommendations and the June 29, 2012 order (dkt. nos. 38, 40) are vacated;

2.  Defendant's January 13, 2012 motion for summary judgment (dkt. no. 29) is denied without prejudice; and

3.  Within thirty days from the date of this order, defendant shall re-file the motion for summary judgment, accompanied by the attached notice.

DATED:  September 25, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

john2522.rentc

1        <u>Rand</u> Notice[1]

2        The court requires that you be provided with this notice regarding the requirements for
opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

3

4        When a defendant moves for summary judgment, the defendant is requesting that the
court grant judgment in defendant's favor without a trial.  If there is no real dispute about any
fact that would affect the result of your case, the defendant who asked for summary judgment is
5   entitled to judgment as a matter of law, which will end your case against that defendant.  A
motion for summary judgment will set forth the facts that the defendant asserts are not
6   reasonably subject to dispute and that entitle the defendant to judgment.

7        To oppose a motion for summary judgment, you must show proof of your claims. To do
this, you may refer to specific statements made in your complaint if you signed your complaint
8   under penalty of perjury and if your complaint shows that you have personal knowledge of the
matters stated.  You may also submit declarations setting forth the facts that you believe prove
9   your claims, as long as the person who signs the declaration has personal knowledge of the facts
stated.  You may also submit all or part of deposition transcripts, answers to interrogatories,
10  admissions, and other authenticated documents.  For each of the facts listed in the defendant's
Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts
11  that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your
denial.  <u>See</u> L.R. 260(b).  If you fail to contradict the defendant's evidence with your own
12  evidence, the court may accept the defendant's evidence as the truth and grant the motion.  The
court will consider a request to postpone consideration of the defendant's motion if you submit a
13  declaration showing that for a specific reason you cannot present such facts in your opposition.
If you do not respond to the motion, the court may consider your failure to act as a waiver of your
14  opposition.  <u>See</u> L.R. 230(l).

15       If the court grants the defendant's motion, whether opposed or unopposed, judgment will
be entered for that defendant without a trial and the case will be closed as to that defendant.

16

17

18

19

20

21

22

23

24

_____

25       [1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely
and adequate notice of what is required" to oppose a motion for summary judgment.  <u>Woods v.</u>
26  <u>Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).