IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

    Plaintiff,                        No. 2:10-cv-2522 WBS KJN P

    vs.

R. JANZEN,

    Defendant.                   <u>ORDER</u>

_____/

        On January 9, 2013, plaintiff filed a document styled, "Notice/Motion for Opposition to Request to Re-File Defendant's Motion for Summary Judgment Beyond Time." (Dkt. No. 61.) Plaintiff contends that, inter alia, defendant willfully delayed proceedings, failed to respond or otherwise defend, failed to comply with the court's September 26, 2012 order, and claims defendant's failure unduly prejudiced plaintiff. Plaintiff asks the court to deny defendant's request to re-file the motion for summary judgment. Plaintiff's motion was handed to prison authorities for mailing on December 24, 2012.

        As noted in this court's January 10, 2013 order, the court granted defendant's request to re-file the motion on December 21, 2012. In addition, defendant has not failed to answer or otherwise defend inasmuch as an answer to the amended complaint was filed on June 30, 2011. (Dkt. No. 18.) Thus, plaintiff's motion is not well-taken.

On December 21, 2012, plaintiff was directed to file an opposition to the pending motion for summary judgment within thirty days. Thirty days have now passed, and plaintiff has not filed an opposition.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On December 18, 2012, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed January 4, 2011, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

However, because plaintiff claims he was prejudiced[1] by defendant's delay in re-filing the motion, the court will grant plaintiff an additional twenty-one days in which to file an opposition to the pending motion.

////

---

[1] Plaintiff has been provided notice of the requirements for opposing a motion for summary judgment on multiple occasions. (Dkt. Nos. 13, 42 & 55.)

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 9, 2013 motion (dkt. no. 61) is denied; and

2. Within thirty days of the date of this order, plaintiff shall file an opposition, if any, to the motion for summary judgment.  Failure to file an opposition will be deemed as consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

DATED:  January 28, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2522.eot